ORIGINAL

FILED
U.S. DISTRICT COURT

2008 DEC -9 AM 8:34

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROLAND ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-076 |
| ) | |
| WALT WELLS, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. Petitioner, argues that the Bureau of Prisons ("BOP") is improperly executing his sentence with regard to his request for a prison transfer. (Doc. no. 1, p. 1). For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**.

I. **DISCUSSION**

The overarching theme of Petitioner's § 2241 petition is that he was denied his request to be redesignated to a prison in California. On this point, Petitioner makes four arguments. Petitioner alleges that the "BOP Program Statement 5800.08 relied upon [by the BOP] to deny

---

[1]Inasmuch as petitioner seeks release from confinement at MCF, the proper party respondent in this action should be petitioner's immediate custodian, in this case Walt Wells, Warden at MCF. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to substitute "Walt Wells, Warden" for the Federal Bureau of Prisons as the party respondent in this case.

his request for [a] prison transfer violates federal law"[2]; he claims that the "INS [Immigration Naturalization Services] Detainer Notice of Action Letter is insufficient to conclude that petitioner will be returned to the 'community outside' the United States"; he further claims that he "is [being] denied participation in the Residential Drug Abuse Program ("RDAP")"; and finally, he claims that "Due Process and fundamental fairness requires that petitioner be redesignated to any other prison facility in California due to his several pending cases." (Id.). The Court will address each of Petitioner's arguments in turn.

Petitioner argues that the BOP improperly applied Program Statement 5800.08 in considering Plaintiff's request for redesignation. Petitioner asserts that because he has "not been ordered deported or designated to participate in any Immigrations Hearings[, and because] Petitioner's conviction is not yet final . . . [the] BOP program statement applicable to [P]etitioner is Section 5100.07."[3] (Doc. no. 1, p. 5). Petitioner also argues that Program Statement 5800.08 violates his equal protection rights because it results in the segregation of prisoners on the basis of national origin. (Id.).

Although Petitioner's attempt to cast his petition as challenging the "execution" of his sentence, § 2241 is the wrong procedural vehicle for most--if not all--of his claims. To the extent Petitioner is contesting the conditions of his confinement, such claims are not

---

[2] Program Statement 5800.08 provides that inmates with an Order for Deportation, an Order of Removal, or an Immigration and Customs Enforcement ("ICE") Detainer for an unadjudicated offense(s) or an ICE Detainer for a hearing will not be transferred for nearer release purposes because they will be returning to the community outside, rather than inside, the United States.

[3] Program Statement 5100.07 gives the BOP discretion whether to transfer an inmate to a facility nearer his release residence; however, it also provides that an inmate with an INS Detainer lodged against him ordinarily will not be transferred for nearer release purposes.

2

properly brought under § 2241. The petition for habeas corpus is available to challenge the fact or duration of one's confinement, not the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Stated another way, "the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (*per curiam*).

Here, Petitioner claims that the BOP's use of Program Statement 5800.08 violates his equal protection rights. (Doc. no. 1, p. 5). Claims of this sort are normally brought in a civil rights action, not a petition for writ of habeas corpus. See, e.g., Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982).[4] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982). That said, the Court recognizes that other courts have allowed federal prisoners to bring similar claims in § 2241 petitions. See, e.g., United States v. Tamayo, No. 04-2307, 162 F. App'x 813, 815, 2006 WL 52792, at *2 (10th Cir. Jan. 11, 2006) (considering alien's "equal protection" challenge to "execution" of his sentence under § 2241 without assessing whether claim was exhausted).

Regardless, assuming *arguendo* that the Court may exercise jurisdiction over the petition, Petitioner's arguments fail because he has not shown the violation of any constitutional right. First, Petitioner claims that the "Notice of Action Letter" is insufficient

---

[4]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

to conclude that he will be returned to the "community outside." (Doc. no. 11, p. 1). Thus, Petitioner contends that he should not be designated at McRae, an institution designated by the BOP to house inmates who are "close" to deportation. (Id.). Rather, Petitioner maintains that because he has not been ordered deported or designated to participate in any immigration hearings, he should have remained in a prison in California. Petitioner's argument is misguided.

Contrary to Petitioner's belief, the "Immigration Detainer - Notice of Action" letter is sufficient to determine that he will "be returned to the community outside." The document, entitled "Immigration Detainer - Notice of Action," addressed to Petitioner's custodian, specifically requests that the custodian accept the notice as a detainer. The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. Orozco v. United States Immigration and Naturalization Serv., 911 F.2d 539, 541 n.2 (11th Cir. 1990) (citing United States v. Shahryar, 719 F.2d 1522, 1524 n.3 (11th Cir. 1983)). As previously noted, Program Statement 5800.08 provides that inmates with an Order for Deportation, an Order of Removal, or a ICE Detainer for an unadjudicated offense(s) or an ICE Detainer for a hearing will not be transferred for nearer release purposes because they will be returning to the community outside, rather than inside, the United States. (Doc. no. 10, Ex. 8).

In addition, inmates do not have any federal constitutional right to participate in rehabilitative programs.[5] Nor does an inmate have any constitutionally protected interest in

---

[5]See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (Federal prisoners have no due process right to eligibility for rehabilitative programs.); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999) (no protectible liberty or property interest in attending

4

a particular housing assignment or transfer to a particular prison. See, e.g., McKune v. Lile 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Meachum v. Fano, 427 U.S. 215, 225 (1976) (no right to incarceration at any particular prison); but see Wilkinson v. Austin, 545 U.S. 209, 225 (2005) (Ohio prisoners had state-created liberty interest in avoiding assignment to "supermax" prison under the Fourteenth Amendment).[6] In sum, Petitioner has not shown that his Fifth Amendment due process rights have been violated.

Furthermore, to the extent Petitioner argues that he is being denied participation in the RDAP, the BOP's use of ICE detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. Of note, courts have routinely upheld the BOP's consideration of ICE detainers in making classification decisions

---

rehabilitation program); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992)(no right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980) (same); Battle v. Anderson, 564 F.2d 388, 403 (10th Cir. 1977) ("[A]n inmate does not have a federal constitutional right to rehabilitation."); Lyle v. Sivley, 805 F. Supp. 755, 759-60 (D. Ariz. 1990) (holding that Due Process Clause does not give federal prisoners a protected right to participate in drug treatment programs).

[6]The Supreme Court's decision in Wilkinson is not instructive in the instant case. In Wilkinson, the Supreme Court held that Ohio prisoners had a Fourteenth Amendment liberty interest in avoiding assignment to a special "supermax" prison–the only one of its kind in Ohio--in which inmates' lives were closely controlled and monitored, visitation was rare and occurred only through glass walls, and "inmates were deprived of almost any environmental or sensory stimuli and of almost all human contact." 545 U.S. at 214. Placement in the prison lasted indefinitely, and prisoners otherwise eligible for parole lost their eligibility while incarcerated at the prison. Id. Petitioner has not shown that assignment to McRae poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" comparable to that considered by the Supreme Court in Wilkinson. Id. at 222-23 (quoting Sandin v. Conner, 515 U.S. 474, 483-84 (1995)).

regarding inmates, including such issues as security level and eligibility for prison programs.[7]

In sum, Petitioner's claims should be dismissed for lack of jurisdiction, or, in the alternative, for lack of merit.

## II. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 9th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] See, e.g., Franklin v. Berry, 909 F. Supp. 21, 27-28 (D.D.C. 1995) (upholding BOP's reliance upon detainers in assigning security classifications to aliens); Limas v. McNary, 799 F. Supp. 1259, 1263 (D. Mass. 1992) (BOP's decision to deny deportable aliens prerelease transfer to minimum security institutions did not implicate any constitutional right); Isaraphanich v. Coughlin, 715 F. Supp. 119, 120-21 (S.D.N.Y. 1989) (BOP's reliance on detainers to deny aliens access to prison programs did not violate the Equal Protection Clause); Fernandez-Collado v. I.N.S., 644 F. Supp. 741, 744 (D. Conn. 1986)("Petitioner has neither a legitimate statutory nor constitutional entitlement to those prison programs from which he may be denied access as a result of the detainer."), aff'd 857 F.2d 1461 (2d Cir 1987).